USCA1 Opinion

 

 
 United States Court of Appeals
 For the First Circuit
 
 ____________________
 
 No. 97-2076
 PATRICIA O'BOYLE COSTOS,
 
 Plaintiff, Appellee,
 
 v.
 
 COCONUT ISLAND CORP., D/B/A THE BERNARD HOUSE
 AND NEAL L. WEINSTEIN,
 
 Defendants, Appellants.
 
 
 ____________________
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT
 
 FOR THE DISTRICT OF MAINE
 
 [Hon. Gene Carter, U.S. District Judge]
 ____________________
 
 Before
 
 Torruella, Chief Judge ,
 
 Boudin and Lynch, Circuit Judges.
 ____________________
 
 
 Scott D. Gardner, with whom Gardner, Gardner & Murphywas on brief, for appellants.
 Raymond C. Hurley, with whom Hurley & Mina was on
 brief, for appellee.
 
 ____________________
 
 March 2, 1998
 ____________________
 LYNCH, Circuit Judge. A jury found the defendants
 vicariously liable for the act -- rape -- committed by their
 employee Charles Bonney. Bonney, the manager of the Maine inn
 owned by defendants, let himself into the room of the
 plaintiff, a guest at the inn, in the early morning hours and
 raped her. The jury awarded plaintiff $50,000 on that count,
 and $5,000 on a negligence count.
 Defendants say the issue of vicarious liability never
 should have gone to the jury. They argue that under the
 Restatement (Second) of Agency 219(2)(d), adopted by Maine
 law, vicarious liability may not be imposed for acts committed
 by the employee outside the scope of employment unless the
 employee has acted with apparent authority or deceit, and that
 the evidence does not support such a finding. Under present
 Maine law, and on the evidence of record, the issue was, we
 believe, properly submitted to the jury. The Maine courts may
 decide, as have other courts, that some limiting principles
 should evolve to prevent 219(2)(d) from being used to erode
 the distinction between acts committed within the scope of
 employment and those outside the scope. But this case does not
 present the occasion to do so. We affirm.
 I.
 Because the defendants appeal the denial of their
 motion for judgment as a matter of law, we review the record in
 the light most favorable to the non-moving party. See Ansin v.
 River Oaks Furniture, Inc., 105 F.3d 745, 753 (1st Cir. 1997).
 In the early morning of August 14, 1993, Charles
 Bonney raped Patricia O'Boyle Costos in her room at the Bernard
 House in Old Orchard Beach, Maine. The Bernard House was a
 small seasonal inn owned by defendant Neal Weinstein and
 managed through the Coconut Island Corporation. The Coconut
 Island Corporation was wholly owned by Weinstein in 1993.
 The day before, Costos and her friend Lynn Tierney
 travelled to Maine for the weekend. Tierney knew Charles
 Bonney, knew that he worked at the inn, and suggested that she
 and Costos spend the weekend at the Bernard House. When they
 arrived at the inn, Costos and Tierney paid Bonney for two
 nights' accommodation. Bonney told Costos that he was the
 manager and future owner of the Bernard House.
 Bonney escorted the women to Room 23 on the third
 floor. He carried a plastic bag full of keys with him, and
 rummaged through it looking for the room key. Bonney
 eventually gave Tierney and Costos a key from his pocket,
 telling them that it was a master key and that they should not
 lose it.
 That evening Costos, Tierney, Bonney, and two of
 Bonney's male friends socialized together at the Bernard House
 and later at a local club. Costos and Tierney eventually
 returned to their room at the inn, Costos to go to bed, and
 Tierney to keep her company back to the room.
 Costos went to bed, but Tierney decided to go out
 again. Tierney left, taking the room key with her. Costos
 remembered that Tierney locked the door to their room. 
 Costos fell asleep. She awoke to find Bonney in the
 bed, having intercourse with her. She threw Bonney out of the
 bed, punching and kicking him. Bonney stood over her,
 laughing, and then left the room.
 Bonney has fled the jurisdiction and remains at
 large. He is wanted on a federal fugitive warrant.
 II.
 Costos sued the defendants in federal court, alleging
 the defendants were negligent and were vicariously liable for
 Bonney's torts. A jury trial began on August 7, 1997. At the
 close of the plaintiff's case, the defendants moved for a
 directed verdict, inter alia, on the vicarious liability count. 
 That motion was denied. This appeal is from the denial of that
 motion and the denial of the renewal of that motion.
 III.
 The grant or denial of a motion for judgment under
 Fed. R. Civ. P. 50(a) is reviewed de novo, under the same
 standards applied by the district court. See Ansin, 105 F.3d
 at 753. We will "reverse the denial of such a motion only if
 reasonable persons could not have reached the conclusion that
 the jury embraced." Id. (citations and internal quotation marks
 omitted).
 The district court, sitting in diversity, applied the
 substantive law of Maine. See Erie R.R. Co. v. Tompkins, 304
 U.S. 64, 78 (1938); Jordan v. Hawker Dayton Corp., 62 F.3d 29,
 32 (1st Cir. 1995). The plaintiff's vicarious liability claim
 was based upon 219(2)(d) of the Restatement (Second) of
 Agency, which has been adopted as the law of Maine. See McLainv. Training & Dev. Corp., 572 A.2d 494 (Me. 1990) (holding a
 jury could find employer vicariously liable under 219(2)(d)
 for the intentional torts of its employee). That section
 states:
 Section 219. When Master is liable for Torts
 of His Servants
 . . .
 (2) A master is not subject to liability for
 the torts of his servants acting outside the
 scope of their employment, unless:
 . . . 
 (d) the servant purported to act or speak on
 behalf of the principal and there was reliance
 upon apparent authority, or he was aided in
 accomplishing the tort by the existence of the
 agency relation.
 
 Maine has also adopted the Restatement's definition
 of agency: 
 Agency is the fiduciary relationship which
 results from the manifestation of consent by
 one person to another that the other shall act
 on his behalf and subject to his control, and
 consent by the other to so act. . . . A
 servant is an agent employed by a master to
 perform service in his affairs whose physical
 conduct in the performance of the service is
 controlled or is subject to the right to
 control by the master.
 
 Bonk v. McPherson, 605 A.2d 74, 78 (Me. 1992) (quoting
 Restatement (Second) of Agency 1,2 (1958)). It is plain
 that there was an agency relationship between Bonney and
 defendants, and that Bonney, as manager of the inn, was the
 defendants' "servant" under this definition.
 Defendants argue that they cannot be liable under 
 219(2)(d) because it requires the use of "apparent authority"
 or deceit by the servant to facilitate the tort. Defendants
 argue that there is no evidence that Costos believed that
 Bonney was acting on his employer's behalf when he assaulted
 her, or that the use of apparent authority in any way aided
 Bonney in accomplishing the tort.
 Defendants attempt to construe the final clause of 
 219(2)(d), "or he was aided in accomplishing the tort by the
 existence of the agency relation," as merely a reiteration of
 the prior language in subpart (d) on apparent authority. If
 the phrase was meant to be independent of an apparent authority
 analysis, defendants argue, it would have been put into a
 separate subsection. We conclude that under Maine law, as
 articulated in McLain, a master may be liable for the torts of
 his or her servants who are acting outside the scope of their
 employment when they are aided in accomplishing the tort by the
 existence of the agency relation.
 In McLain, a client of a Jobs Corps program sued the
 agency operating the program after a counselor directed him to
 perform painful and humiliating "tests." The counselor said
 those "tests" would help the client gain admission to the U.S.
 Marine Corps. The client was rejected by the Marines, and sued
 the agency for the injuries he suffered as a result of the
 counselor's intentional torts. The Supreme Judicial Court of
 Maine held that a jury could find the agency vicariously liable
 for the client's injuries under 219(2)(d), because "the jury
 could rationally find from the evidence that [the counselor's]
 employment made possible the tortious assault and battery he
 imposed upon McLain, rendering [the agency] liable for all of
 McLain's injuries at [the counselor's] hand, on the alternative
 theory of vicarious liability." 572 A.2d at 498. The court
 said the jury could find either that the tort was within the
 scope of employment or that it was outside the scope but within
 the 219(2)(d) exception.
 McLain does not say that the use of apparent
 authority is required for vicarious liability under 
 219(2)(d). See also Grover v. Minette-Mills, Inc., 638 A.2d
 712, 717 (Me. 1994) (citing McLain for the proposition that
 vicarious liability is proper where the employment relationship
 "made possible" the commission of the tort). Instead, the
 Maine courts have thus far followed the plain meaning of 
 219(2)(d). See United States v. Rivera, 131 F.3d 222, 224 (1st
 Cir. 1997) (when plain meaning is clear, the sole function of
 the court is to enforce it). Indeed, defendants' reading would
 violate another rule of statutory construction because the
 broad reading proffered by defendants would render the second
 clause of subpart (d) superfluous. See Labbe v. Nissen Corp.,
 404 A.2d 564, 567 (Me. 1979) ("Nothing in a statute may be
 treated as surplusage if a reasonable construction supplying
 meaning and force is otherwise possible.").
 Defendants argue that this reading of 219(2)(d)
 will result in a vast expansion of employer liability in Maine
 and will render every intentional tort committed outside the
 scope of employment as equivalent to those committed within the
 scope of employment. Defendants ask us to interpret 
 219(2)(d) in light of the evolving rules for vicarious
 liability for sexual harassment in Title VII cases. We need
 not speculate whether Maine courts would follow such an analogy
 or otherwise narrowly gloss the Restatement because, even if
 narrowing limitations were to be assumed arguendo, the appeal
 would still fail.
 In general terms, defendant's argument as to the
 scope of 219(2) finds some support in case law elsewhere. As
 noted by Judge MacKinnon, concurring in a Title VII case,
 Barnes v. Costle, 561 F.2d 983, 996 (D.C. Cir. 1977),
 "Concerning the second part of the [ 219(2)(d)] exception, at
 first reading it seems to argue too much. In every case where
 vicarious liability is at issue, the agent will have been aided
 in some way in committing the tort by the position that he
 holds." The Court of Appeals for the D.C. Circuit, citing the
 Barnes concurrence, recently sounded the same cautionary note. 
 "In a sense, a supervisor is always 'aided in accomplishing the
 tort by the existence of the agency relation' because his
 responsibilities provide proximity to and contact with the
 victim." Gary v. Long, 59 F.3d 1391, 1397 (D.C. Cir. 1995). 
 In attempting to find a narrowing principle, that court
 referred to the commentary of the Restatement: that an employer
 is liable only if the tort "was accomplished by an
 instrumentality, or through conduct associated with the agency
 status." Id. (citing Restatement (Second) of Agency 219 cmt.
 e (1958)). 
 Even viewing this case through the narrower focus of
 the commentary on Restatement 219, which the Gary court found
 helpful, defendants are well within the scope of 219(2)(d)
 liability. By virtue of his agency relationship with the
 defendants, as manager of the inn, Bonney was entrusted with
 the keys to the rooms, including Costos' room, at the Bernard
 House. Because he was the manager of the inn, Bonney knew
 exactly where to find Costos. The jury could find that Bonney
 had responsibilities to be at the inn or to have others there
 late at night. In short, because he was the defendants' agent,
 Bonney knew that Costos was staying at the Bernard House, he
 was able to find Costos' room late at night, he had the key to
 the room and used the key to unlock the door, slip into bed
 beside her as she slept, and rape her.
 IV.
 We hold that the district court correctly denied the
 defendants' motion for judgment as a matter of law. The record
 shows sufficient evidence to hold the defendants vicariously
 liable under 219(2)(d) for Bonney's acts.
 The judgment of the district court is affirmed. 
 Costs are awarded to plaintiff.